IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| EDWINA BILLHIMER, on behalf of herself and others similarly situated, | : <br> : CIVIL ACTION FILE NO. 3:24-cv-00209-MPB-CSW <br> : |
| Plaintiff, | : <br> : |
| v. | : <br> : |
| READERSMAGNET, LLC and ELINK SYSTEMS AND CONCEPTS CORP. | : <br> : <br> : |
| Defendants. | : |

## MOTION TO AMEND COMPLAINT

Discovery in this matter has revealed that ReadersMagnet, LLC hired another company, ELink Systems and Concepts Corp. to provide the telemarketing services that resulted in the illegal calls complained of herein. As a result, the Plaintiff seeks leave of court, to amend her class action complaint to add as ELink Systems and Concepts Corp., because justice requires the amendment. In accordance with Rule 15(a)(2)'s mandate, and in the spirit of FED. R. CIV. P. 1, this Court should "freely" grant leave to amend because it will secure the just, speedy, and inexpensive determination of this class action dispute.

As this Court is aware, this case is a putative class action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). The Plaintiff has taken discovery in this matter, including discovery to identify who is responsible for the campaign at issue. As a result, the Plaintiff now moves to amend the Complaint in the form attached herein as Exhibit 1 to add in the company the defendant identifies as having made the calls at issue.

In sum, this motion is made pursuant to FED. R. CIV. P. 15(a)(2) and is in the interest of judicial economy as Plaintiff is simply seeking to add additional defendants which are liable for

the misconduct alleged in the original Complaint. What's more, judicial economy would actually be further served here because the Plaintiff and the putative class are better served proceeding in this matter rather than needing to initiate a new action to seek to assert identical claims against the Defendant for their conduct in the TCPA violations alleged herein. Whether justice requires an amendment is a question left to the trial court's sound discretion and is reviewed on an abuse of discretion standard. Reasons for denying a plaintiff's request for leave to amend a complaint include prejudice to the nonmoving party, undue delay, bad faith or dilatory motive, and futility. *Foman v. Davis,* 371 U.S. 178, 182 (1962). None of these factors are present here.

    First, as explained above, there is no additional prejudice to the nonmoving party because the complaint will add another defendant . Second, the amendment is not done for undue delay, bad faith, or a dilatory motive. Discovery was ongoing at the time of this filing. Finally, there is no futility. In sum, when evaluating the futility of an amendment, this Court is guided by the 12(b)(6) standard and must evaluate if the Plaintiff has stated a claim upon which relief could be granted. Here, amendment would not be futile because the Plaintiff has plainly set forth a claim for which relief could be granted under the TCPA's direct liability and vicarious liability frameworks.

    The Plaintiff has demonstrated that justice requires granting leave to amend not only because the factors for amendment are satisfied here but also because the purpose of the amendment is to add a party who directly placed the illegal calls to Plaintiff. Accordingly, this Court should grant leave to amend.

Plaintiff,
By Counsel,

By: */s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(617) 485-0018
anthony@paronichlaw.com