IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| EDWINA BILLHIMER, on behalf of herself and others similarly situated, | : : : | CIVIL ACTION FILE NO. 3:24-cv-00209-MPB-CSW |
| Plaintiff, | : : | |
| v. | : : : | **FIRST AMENDED COMPLAINT – CLASS ACTION** |
| READERSMAGNET, LLC and ELINK SYSTEMS AND CONCEPTS CORP. | : : : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |

Plaintiff, Edwina Billhimer (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry

stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3.     Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that ReadersMagnet, LLC ("ReadersMagnet") and the telemarketing vendor it hired, eLink Systems and Concepts Corp., violated the TCPA by placing solicitation calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent as well as placing solicitation calls to people who had previously asked to no longer receive them.

## PARTIES

4.     Plaintiff Edwina Billhimer is an individual residing in this District.

5.     Defendant ReadersMagnet, LLC is a limited liability company that is organized under the laws of the State of Delaware.

6. Defendant eLink Systems and Concepts Corp. is a corporation located in the Philippines.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

8. This Court has specific personal jurisdiction over Defendants because the companies directed calls into this District.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the calls at issue were sent into this District.

## BACKGROUND

**A.    The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.**

10. The TCPA prohibits sending multiple telemarketing calls, including text messages, to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

11. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

12. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

13. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of

action against any entity that sends those solicitations, or "on whose behalf" such solicitations are sent. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**B.     The TCPA requires entities to have sufficient policies in place to prevent unwanted calls before making telemarketing calls.**

14.     The TCPA specifically required the Federal Communication Commission ("FCC") to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

15.     The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of . . . company-specific 'do not call systems . . .)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

16.     Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. I*n the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 F.C.C. Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

17.     These regulations are codified at 47 C.F.R. §§ 64.1200(d)(1)-(7).

18.     Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do not call list, train personnel engaged in telemarketing on the existence and use of its internal do not call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. §§ 64.1200(d)(1, 2, 3, 6).

19.     This includes the requirement that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the

name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity can be contacted." 47 C.F.R. § 64.1200(d)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

21. Plaintiff's telephone number is (317) 956-XXXX.

22. Plaintiff listed her telephone number on the National Do-Not-Call Registry on October 12, 2019, and has not removed it from the Registry since that time.

23. Plaintiff uses this telephone number for personal, residential, and household purposes.

24. Plaintiff's telephone number is not associated with any business.

25. Over the last twelve (12) months, Plaintiff has received more than a dozen telephone solicitations on her residential telephone, (317) 956-XXXX, on behalf of ReadersMagnet from calls that eLink Systems and Concepts Corp. placed.

26. Plaintiff has never been a customer of ReadersMagnet and never consented to receive calls or text messages from ReadersMagnet.

27. Yet, these calls were placed for the purpose of advertising ReadersMagnet's marketing and publishing services to Plaintiff.

28. For instance, on November 22, 2023, at 2:11 p.m., Plaintiff received a telemarketing call on her residential telephone, (317) 956 -XXXX, from ReadersMagnet.

29. This call came from the phone number 619-225-7549.

30. When Plaintiff answered the call, the caller identified themselves as a ReadersMagnet representative.

31. The ReadersMagnet representative solicited ReadersMagnet's promotional services and book marketing package.

32. Plaintiff informed the ReadersMagnet representative that she was not interested in ReadersMagnet's services.

33. Additionally, Plaintiff informed the ReadersMagnet representative that her telephone number was on the National Do-Not-Call Registry and instructed Defendant not to call her again.

34. Despite this, Plaintiff received another telemarketing call on her residential telephone from ReadersMagnet on February 14, 2024, at 9:36 p.m.

35. This call came from the number 619-225-7529.

36. When Plaintiff answered the call, the caller identified themselves as a ReadersMagnet.

37. The ReadersMagnet employee solicited ReadersMagnet's promotional services and book marketing package.

38. Plaintiff informed the ReadersMagnet representative that she was not interested in ReadersMagnet's services.

39. Again, Plaintiff informed the ReadersMagnet representative that her telephone number was on the National Do-Not-Call Registry and asked that ReadersMagnet cease placing calls to her number.

40. Despite this, Plaintiff continued to receive numerous harassing and persistent solicitation calls on her residential phone from, or on behalf of, ReadersMagnet, including the following:

    a. March 3, 2024, at 5:10 p.m. from 619-225-7529

    b. March 4, 2024, at 5:09 p.m. from 619-225-7529

    c. April 3, 2024, at 4:52 p.m. from 619-225-7549

    d. April 15, 2024, at 10:51 a.m. from 619-225-7529

    e. August 15, 2024, at 5:45 p.m. from 619-771-0400

41. On several occasions, ReadersMagnet also left voicemails on Plaintiff's telephone.

42. For instance, on March 4, 2024, at 5:12 p.m., Plaintiff received a solicitation voicemail from Readers Magnet on her residential phone (317) 956 -XXXX.

43. This call came from the number (619) 225-7549.

44. On this occasion, Defendant left the following voicemail promoting ReadersMagnet's marketing services.

> Hi Edwina, this is Anna from ReadersMagnet, and I'm giving you a call about your book title, Indiana Bigfoot: The Beautiful Mind and this book has been published since 2015, and I do believe that this book has made quite a noise on Amazon because this has four point one stars and fifty-two reviews. That means that a lot of people are loving it. So, I would just like to ask further if you are working on the marketing and publishing your book – then I'm the best person to talk to! And more to that: have a quick view about my company. We are one of the exhibitors that will have some upcoming events in London like the London Book Fair International and in Los Angeles at the Los Angeles Times Festival of Books. So, if you want to know more about those events, kindly check in on our website. Its www.readersmagnet.com. Again www.readersmagnet.com. Or you can dial my phone number. It's 619-225-7549. Again 619-225-7549. Again, those events are actually a great opportunity for an author's book: book exposure, a possible acquisition of rights, and possible book sales. So, what are you waiting for? Call me back on that number. I do have an extension by the way: 3121. Again, my extension is 3121. That's it and have a great day. Bye bye now.

45. Additional voicemail solicitations from ReadersMagnet were left on Plaintiff's residential telephone on:

    a. September 7, 2023, at 1:41 p.m. from (619) 202-8700

    b. October 4, 2023, at 2:47 p.m. from (619) 359-2998

    c. November 22, 2024, at 2:12 p.m. from (619) 225-7549

    d. March 3, 2024, at 5:10 p.m. from (619)-225-7549

    e. April 3, 2024, at 4:53 p.m. from (619) 225-7549

    f. April 15, 2024, at 10:54 a.m. from (619) 225-7549

    g. August 19, 2024 at 1:31 p.m. from (619) 771-0400

46. In an attempt to stop Defendant's harassing calls, Plaintiff sent Defendant a letter via certified U.S. mail on September 12, 2024.

47. In this letter, Plaintiff outlined the unwanted solicitation calls she received from Defendant.

48. Additionally, Plaintiff iterated that she made verbal Do-Not-Call Requests to ReadersMagnet's representatives on November 22, 2024, and again on February 14, 2024.

49. Plaintiff requested that Defendant respond to her letter in writing within five (5) days of receipt and confirm that Defendant would cease contacting her.

50. Plaintiff received confirmation that this letter was received by Defendant on September 18, 2024, at 1:31 p.m.

51. Plaintiff did not receive a response to her letter from Defendant.

52. Even after her numerous Do-Not-Call requests, Plaintiff continued to receive calls from Defendant on her residential telephone.

53. On October 23, 2024, Plaintiff received yet another telemarketing call from Defendant.

54. This telemarketing call came from the number (619) 771-0400.

55. Immediately after this call, Defendant's representative followed up with an email.

56. Plaintiff received the email on October 23, 2024, at 3:10 p.m.

57. Defendant's email solicited ReadersMagnet's Online Brand Publicity Iron Package.

58. On October 24, 2024, Plaintiff received four (4) additional calls from ReadersMagnet to her residential telephone as follows:

    a. Plaintiff received two (2) calls from ReadersMagnet at or about 12:07 p.m. from the number (619) 771-0400.

    b. Plaintiff received a call from ReadersMagnet at 12:22 p.m. from the number (619) 771-0400.

   c. Plaintiff received a call from ReadersMagnet at 12:48 p.m. from the number (619) 771-0400.

59. Plaintiff did not answer these calls.

60. Similarly, other individuals have received unwanted telephone solicitations from ReadersMagnet:



https://g.co/kgs/LVjqagh



https://g.co/kgs/anAXC7i

9

61. Plaintiff and other individuals who received these telephone solicitation calls suffered an invasion of privacy and were harassed by the conduct of Defendant.

### READERSMAGNET'S LIABILITY FOR ELINK SYSTEMS AND CONCEPTS CORP. CALLING CONDUCT

62. For more than thirty years, it has been explained that the TCPA, :generally establishes that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

63. In 2013, the FCC held that a corporation or other entity that contracts out its telephone marketing "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *Id.* at 6574 ¶ 1.

64. ReadersMagnet is liable for telemarketing calls placed for ReadersMagnet by ELink in an attempt to services for ReadersMagnet, including the Plaintiff.

65. ReadersMagnet is interested in hiring lead generators that can make phone calls to potential customers, vet potential clients, and only sell them the interested ones.

66. ReadersMagnet controlled the day-to-day activities of ELink by providing the specific criteria for the leads it would accept and required its vendors such as the type of consumer they wanted, including ELink, to adhere to those criteria.

67. ReadersMagnet authorized ELink to say that they were calling from ReadersMagnet on the calls.

68. ReadersMagnet accepted the Plaintiff's lead and received a benefit from it in the form of advertising it's services.

## CLASS ACTION ALLEGATIONS

69. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

70. Plaintiff brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

71. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **E-Link National Do Not Call Registry Class:** All persons within the United States: (1) whose telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from eLink or a third party acting on eLink's behalf; (3) within a 12-month period; (4) who had previously asked for the calls to stop; and (5) within the four years prior to the filing of the Complaint.
>
>> **E-Link ReadersMagnet National Do Not Call Registry Sub-Class:** All persons within the United States: (1) whose telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from eLink or a third party acting on eLink's behalf; (3) advertising ReadersMagnet's services; (4) within a 12-month period; (5) who had previously asked for the calls to stop; and (6) within the four years prior to the filing of the Complaint.
>
> **E-Link Internal Do Not Call Class:** All persons within the United States to whom: (1) eLink (or a third-party acting on behalf of eLink) sent (2) two or more telemarketing calls in a 12-month period, (3) who were not current customers of the eLink at the time of the calls, (4) who had previously asked for the calls to stop and (5) within the four years prior to the filing of the Complaint.
>
>> **E-Link ReadersMagnet Internal Do Not Call Sub-Class:** All persons within the United States to whom: (1) eLink (or a third-party acting on behalf of eLink) sent (2) two or more telemarketing calls in a 12-month period, (3) who were not current customers at the time of the calls, (4) advertising ReadersMagnet's services; (5) who had previously asked for the calls to stop and (6) within the four years prior to the filing of the Complaint.

11

72. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the classes.

73. Excluded from the Classes are counsel, Defendants, and any entities in which Defendants have a controlling interest, the Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

74. Plaintiff and all members of the Classes have been harmed by the acts of Defendants, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that cluttered legitimate communications.

75. This Class Action Complaint seeks injunctive relief and money damages.

76. The Classes, as defined above, are identifiable through Defendants' dialer records, other phone records, and phone number databases.

77. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds as the calls were placed in a generic fashion.

78. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

79. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

80. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

81. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

    a. Whether Defendants sent placed calls to Plaintiff and members of the National Do Not Call Registry Class;

    b. Whether Defendants recorded or honored "do not call" requests of Plaintiff and members of the Internal Do Not Call Class;

    c. Whether Defendant' conduct constitutes a violation of the TCPA; and

    d. Whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct.

82. Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes because Plaintiff has no interests which are antagonistic to any member of the Classes.

83. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

84. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendants and/or its agents.

85. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Classes)**

86. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

87. The foregoing acts and omissions of Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by placing solicitation calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

88. Defendants' violations were negligent, willful, or knowing.

89. As a result of Defendants' and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 in damages for each and every call placed and up to $1,500 in damages if the calls are found to be willful.

90. Plaintiff and the members of the National Do Not Call Registry Classes are also entitled to and do seek injunctive relief prohibiting Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf from sending telemarketing calls, including text messages, to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## SECOND CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act
(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d) on behalf of Plaintiff and the Internal Do Not Call Registry Classes)**

91. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

92. The foregoing acts and omissions of Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by placing telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal Do Not Call Class despite previously requesting that such calls stop.

93. Defendants' violations were negligent, willful, or knowing.

94. As a result of Defendants' and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every calls placed and up to $1,500 in damages if the calls are found to be willful.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Injunctive relief prohibiting Defendants from placing calls soliciting the purchase of its goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future;

B.  That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C.  An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

D.  Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: July 17, 2025

PLAINTIFF, on behalf of herself
and others similarly situated,

By Counsel,

By: */s/ Anthony Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(617) 485-0018
anthony@paronichlaw.com