## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| EDWINA BILLHIMER and DANIEL on CENNAMO, behalf of themselves and others similarly situated, | : : : : | CIVIL ACTION FILE NO. 3:24-cv-00209-MPB-CSW |
| Plaintiff, | : : | |
| v. | : : | **FIRST AMENDED COMPLAINT – CLASS ACTION** |
| READERSMAGNET, LLC and ELINK SYSTEMS AND CONCEPTS CORP. | : : | |
| Defendants. | : : | **JURY TRIAL DEMANDED** |

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

DEFENDANTS, READERSMAGNET, LLC ("RM") and ELINK SYSTEMS AND CONCEPTS CORP. ("ELINK") hereinafter referred to collectively as ("Defendants"), by and through their attorneys, HAYES LAW OFFICES, LLC, and for their Answer and Affirmative Defenses to the Class Action Complaint ("Complaint") filed by the Plaintiffs, Edwina Billhimer, and Daniel Cennamo, on behalf of themselves and others similarly situated ("Plaintiffs"), state as follows:

1.    Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from

telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

**ANSWER:    Admitted in part and denied in part.  It is admitted that Plaintiff purports to bring this action under the Telephone Consumer Protection Act ("TCPA"). The balance of the remaining allegations set forth in this paragraph constrain legal conclusions to which no response is required and therefore said allegations are denied.**

2.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

**ANSWER**:    **Admitted in part and denied in part.   It is admitted that Plaintiff purports to bring this action under the Telephone Consumer Protection Act ("TCPA"). The balance of the remaining allegations set forth in this paragraph constrain legal conclusions to which no response is required and therefore said allegations are denied.**

3.      Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that ReadersMagnet, LLC ("ReadersMagnet") and the telemarketing vendor it hired, eLink Systems and Concepts Corp., violated the TCPA by placing solicitation calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent as well as placing solicitation calls to people who had previously asked to no longer receive them.

**ANSWER**:    **Admitted in part and denied in part.   It is admitted that Plaintiff purports to bring this action under the Telephone Consumer Protection Act ("TCPA"). The balance of the remaining allegations set forth in this paragraph constrain legal conclusions to which no response is required and therefore said allegations are denied.**

## PARTIES

4.      Plaintiff Edwina Billhimer is an individual residing in this District.

**ANSWER**:    **Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny same.**

5.      Plaintiff Daniel Cennamo is an individual.

**ANSWER**:    **Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny same.**

6.    Defendant ReadersMagnet, LLC is a limited liability company that is organized under the laws of the State of Delaware.

**ANSWER**:    **Defendants admit the allegations contained in this paragraph.**

7.    Defendant eLink Systems and Concepts Corp. is a corporation located in the Philippines.

**ANSWER:**    **Defendants admit the allegations contained in this paragraph.**

## JURISDICTION AND VENUE

8.    This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

**ANSWER:**    **The allegations set forth in this paragraph contain legal conclusions to which no answer is required.**

9.    This Court has specific personal jurisdiction over Defendants because the companies directed calls into this District.

**ANSWER:**    **The allegations set forth in this paragraph contain legal conclusions to which no answer is required.**

10.    Venue is proper pursuant to 28 U.S.C. § 1391(b) because the calls at issue were sent into this District.

**ANSWER:**    **The allegations set forth in this paragraph contain legal conclusions to which no answer is required.**

## BACKGROUND

A.    **The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.**

11.     The TCPA prohibits sending multiple telemarketing calls, including text messages, to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

**ANSWER:    The allegations set forth in this paragraph contain legal conclusions to which no answer is required.**

12.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

**ANSWER:   The allegations set forth in this paragraph contain legal conclusions to which no answer is required.**

13.     A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

**ANSWER:   The allegations set forth in this paragraph contain legal conclusions to which no answer is required.**

14.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that sends those solicitations, or "on whose behalf" such solicitations are sent. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**ANSWER:   The allegations set forth in this paragraph contain legal conclusions to which no answer is required.**

**B.      The TCPA requires entities to have sufficient policies in place to prevent unwanted calls before making telemarketing calls.**

15.      The TCPA specifically required the Federal Communication Commission ("FCC") to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

**ANSWER:  The allegations set forth in this paragraph contain legal conclusions to which no answer is required.**

16.      The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of . . . company-specific 'do not call systems . . .)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

**ANSWER:  The allegations set forth in this paragraph contain legal conclusions to which no answer is required.**

17.      Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. I*n the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 F.C.C. Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

**ANSWER:  The allegations set forth in this paragraph contain legal conclusions to which no answer is required.**

18.      These regulations are codified at 47 C.F.R. §§ 64.1200(d)(1)-(7).

**ANSWER:  The allegations set forth in this paragraph contain legal conclusions to which no answer is required.**

19.     Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do not call list, train personnel engaged in telemarketing on the existence and use of its internal do not call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. §§ 64.1200(d)(1, 2, 3, 6).

**ANSWER:  The allegations set forth in this paragraph contain legal conclusions to which no answer is required.**

20.     This includes the requirement that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity can be contacted." 47 C.F.R. § 64.1200(d)(4).

**ANSWER:  The allegations set forth in this paragraph contain legal conclusions to which no answer is required.**

## FACTUAL ALLEGATIONS

21.     Plaintiffs are, and at all times mentioned herein were, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER:  The allegations set forth in this paragraph contain legal conclusions to which no answer is required.**

### Plaintiff Edwina Billhimer's Allegations

22.     Plaintiff's telephone number is (317) 956-XXXX.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny same.**

23.    Plaintiff listed her telephone number on the National Do-Not-Call Registry on October 12, 2019, and has not removed it from the Registry since that time.

**ANSWER:  The allegations set forth in this paragraph contain legal conclusions to which no answer is required.**

24.    Plaintiff uses this telephone number for personal, residential, and household purposes.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny same.**

25.    Plaintiff's telephone number is not associated with any business.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny same.**

26.    Over the last twelve (12) months, Plaintiff has received more than a dozen telephone solicitations on her residential telephone, (317) 956-XXXX, on behalf of ReadersMagnet from calls that eLink Systems and Concepts Corp. placed.

**ANSWER:    Defendants admit only that telephone calls were placed to Plaintiff and denies the remaining allegations contained in this paragraph.**

27.    Plaintiff has never been a customer of ReadersMagnet and never consented to receive calls or text messages from ReadersMagnet.

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

28.    Yet, these calls were placed for the purpose of advertising ReadersMagnet's marketing and publishing services to Plaintiff.

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

29.     For instance, on November 22, 2023, at 2:11 p.m., Plaintiff received a telemarketing call on her residential telephone, (317) 956 -XXXX, from ReadersMagnet.

**ANSWER:  Defendants admit a telephone call was placed to Plaintiff.**

30.     This call came from the phone number 619-225-7549.

**ANSWER:  Defendants admit a telephone call was placed to Plaintiff.**

31.     When Plaintiff answered the call, the caller identified themselves as a ReadersMagnet representative.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**

32.     The ReadersMagnet representative solicited ReadersMagnet's promotional services and book marketing package.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**

33.     Plaintiff informed the ReadersMagnet representative that she was not interested in ReadersMagnet's services.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**

34.     Additionally, Plaintiff informed the ReadersMagnet representative that her telephone number was on the National Do-Not-Call Registry and instructed Defendant not to call her again.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**

35.     Despite this, Plaintiff received another telemarketing call on her residential telephone from ReadersMagnet on February 14, 2024, at 9:36 p.m.

**ANSWER:     Defendants admit a telephone call was placed to Plaintiff.**

36.     This call came from the number 619-225-7529.

**ANSWER:    Defendants admit the allegations contained in this paragraph.**

37.    When Plaintiff answered the call, the caller identified themselves as a ReadersMagnet.

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

38.    The ReadersMagnet employee solicited ReadersMagnet's promotional services and book marketing package.

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

39.    Plaintiff informed the ReadersMagnet representative that she was not interested in ReadersMagnet's services.

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

40.    Again, Plaintiff informed the ReadersMagnet representative that her telephone number was on the National Do-Not-Call Registry and asked that ReadersMagnet cease placing calls to her number.

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

41.    Despite this, Plaintiff continued to receive numerous harassing and persistent solicitation calls on her residential phone from, or on behalf of, ReadersMagnet, including the following:

    a.    March 3, 2024, at 5:10 p.m. from 619-225-7529

    b.    March 4, 2024, at 5:09 p.m. from 619-225-7529

    c.    April 3, 2024, at 4:52 p.m. from 619-225-7549

    d.    April 15, 2024, at 10:51 a.m. from 619-225-7529

    e.    August 15, 2024, at 5:45 p.m. from 619-771-0400.

**ANSWER:    Defendant amidst only that the above referenced telephone calls were made to Plaintiff.  Defendants deny the remaining allegations contained in this paragraph.**

42.    On several occasions, ReadersMagnet also left voicemails on Plaintiff's telephone.

**ANSWER:    Defendant admits it left voicemails on Plaintiff's telephone.**

43.    For instance, on March 4, 2024, at 5:12 p.m., Plaintiff received a solicitation voicemail from Readers Magnet on her residential phone (317) 956 -XXXX.

**ANSWER:    Defendants admit a voicemail was left with Plaintiff as described herein.  As to whether the voicemail was a solicitation, this allegations is a legal conclusion to which no response is required.**

44.    This call came from the number (619) 225-7549.

**ANSWER:    Defendants admit the allegations contained in this paragraph.**

45.    On this occasion, Defendant left the following voicemail promoting ReadersMagnet's marketing services.

> Hi Edwina, this is Anna from ReadersMagnet, and I'm giving you a call about your book title, Indiana Bigfoot: The Beautiful Mind and this book has been published since 2015, and I do believe that this book has made quite a noise on Amazon because this has four point one stars and fifty-two reviews. That means that a lot of people are loving it. So, I would just like to ask further if you are working on the marketing and publishing your book – then I'm the best person to talk to! And more to that: have a quick view about my company. We are one of the exhibitors that will have some upcoming events in London like the London Book Fair International and in Los Angeles at the Los Angeles Times Festival of Books. So, if you want to know more about those events, kindly check in on our website. Its www.readersmagnet.com. Again www.readersmagnet.com. Or you can dial my phone number. It's

619-225-7549. Again 619-225-7549. Again, those events are actually a great opportunity for an author's book: book exposure, a possible acquisition of rights, and possible book sales. So, what are you waiting for? Call me back on that number. I do have an extension by the way: 3121. Again, my extension is 3121. That's it and have a great day. Bye bye now.

**ANSWER:** **Defendants admit the allegations contained in this paragraph.**

46.    Additional voicemail solicitations from ReadersMagnet were left on Plaintiff's residential telephone on:

    a.    September 7, 2023, at 1:41 p.m. from (619) 202-8700

    b.    October 4, 2023, at 2:47 p.m. from (619) 359-2998

    c.    November 22, 2024, at 2:12 p.m. from (619) 225-7549

    d.    March 3, 2024, at 5:10 p.m. from (619)-225-7549

    e.    April 3, 2024, at 4:53 p.m. from (619) 225-7549

    f.    April 15, 2024, at 10:54 a.m. from (619) 225-7549

    g.    August 19, 2024 at 1:31 p.m. from (619) 771-0400

**ANSWER:** **Defendants admit the telephone calls described in this paragraph were made to Plaintiff.  As to whether the voicemails were solicitations, this is a legal conclusion to which no response is required.**

47.    In an attempt to stop Defendant's harassing calls, Plaintiff sent Defendant a letter via certified U.S. mail on September 12, 2024.

**ANSWER:** **Defendants admit that RM received a letter from Plaintiff. Defendants deny Plaintiff did not want to receive the phone calls listed in the letter.**

48.    In this letter, Plaintiff outlined the unwanted solicitation calls she received from Defendant.

**ANSWER:    Defendants admit that the letter purports to indicate the Plaintiff made verbal requests to RM, however, Defendants deny Plaintiff actually made the requests as described above and in the letter.**

49.    Additionally, Plaintiff reiterated that she made verbal Do-Not-Call Requests to ReadersMagnet's representatives on November 22, 2024, and again on February 14, 2024.

**ANSWER:    Defendant admits that the letter purports to indicate the Plaintiff made verbal requests to RM, however, Defendants deny Plaintiff actually made the requests as described above and in the letter.**

50.    Plaintiff requested that Defendant respond to her letter in writing within five (5) days of receipt and confirm that Defendant would cease contacting her.

**ANSWER:    Defendants admit that the letter Plaintiff sent requested a response within five (5) days.**

51.    Plaintiff received confirmation that this letter was received by Defendant on September 18, 2024, at 1:31 p.m.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.**

52.    Plaintiff did not receive a response to her letter from Defendant.

**ANSWER:    RM admits it did not send Plaintiff a written response to the letter.**

53.     Even after her numerous Do-Not-Call requests, Plaintiff continued to receive calls from Defendant on her residential telephone.

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

54.     On October 23, 2024, Plaintiff received yet another telemarketing call from Defendant.

**ANSWER:  Defendants admit they placed a phone call to Plaintiff on October 23, 2024.**

55.     This telemarketing call came from the number (619) 771-0400.

**ANSWER:    Admit.**

56.     Immediately after this call, Defendant's representative followed up with an email.

**ANSWER:    Defendants admit they sent an email to Plaintiff but only after Plaintiff requested the email to be sent.**

57.     Plaintiff received the email on October 23, 2024, at 3:10 p.m.

**ANSWER:    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.**

58.     Defendant's email solicited ReadersMagnet's Online Brand Publicity Iron Package.

**ANSWER:    Defendants admit only that they sent an email to Plaintiff at Plaintiff's request.  Defendants are without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.**

59.    On October 24, 2024, Plaintiff received four (4) additional calls from ReadersMagnet to her residential telephone as follows:

        a.    Plaintiff received two (2) calls from ReadersMagnet at or about 12:07 p.m. from the number (619) 771-0400.

        b.    Plaintiff received a call from ReadersMagnet at 12:22 p.m. from the number (619) 771-0400.

        c.    Plaintiff received a call from ReadersMagnet at 12:48 p.m. from the number (619) 771-0400.

**ANSWER:    Defendants admit they made the telephone calls as outlined in this paragraph.**

60.    Plaintiff did not answer these calls.

**ANSWER:    Admit.**

**Plaintiff Daniel Cennamo's Allegations**

61.    Plaintiff's telephone number is (817) 925-XXXX.

**ANSWER:    Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in this paragraph and therefore deny same.**

62.    Plaintiff listed his number on the National Do-Not-Call Registry on 2004, and has not removed it from the Registry since that time.

**ANSWER:    Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in this paragraph and therefore deny same.**

63.    Plaintiff uses his telephone number for personal, residential, and household purposes.

**ANSWER:** **Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in this paragraph and therefore deny same.**

64. Despite this, Plaintiff received telemarketing calls promoting ReaderMagnet's marketing services.

**ANSWER:** **Defendant admits it made telephone calls to Plaintiff. As to whether the calls were made promoting RM's marketing services, this is a legal conclusion to which no answer is required.**

65. This included calls in 2021 and at least three calls in 2022.

**ANSWER:** **Defendant admits it made telephone calls to Plaintiff.**

66. Similarly, other individuals have received unwanted telephone solicitations from



ReadersMagnet:

https://g.co/kgs/LVjqagh

https://g.co/kgs/anAXC7i



**ANSWER:    Defendant is without knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.**

67.    Plaintiff and other individuals who received these telephone solicitation calls suffered an invasion of privacy and were harassed by the conduct of Defendant.

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

## READERSMAGNET'S LIABILITY FOR
## ELINK SYSTEMS AND CONCEPTS CORP. CALLING CONDUCT

68.    For more than thirty years, it has been explained that the TCPA, :generally establishes that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

**ANSWER:    The allegations set forth in this paragraph contain legal conclusions to which no answer is required.**

69.    In 2013, the FCC held that a corporation or other entity that contracts out its telephone marketing "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *Id.* at 6574 ¶ 1.

**ANSWER:**   **The allegations set forth in this paragraph contain legal conclusions to which no answer is required.**

70.   ReadersMagnet is liable for telemarketing calls placed for ReadersMagnet by ELink in an attempt to services for ReadersMagnet, including the Plaintiff.

**ANSWER:**   **Defendants deny the allegations contained in this paragraph.**

71.   ReadersMagnet is interested in hiring lead generators that can make phone calls to potential customers, vet potential clients, and only sell them the interested ones.

**ANSWER:**   **Defendants deny the allegations contained in this paragraph.**

72.   ReadersMagnet controlled the day-to-day activities of ELink by providing the specific criteria for the leads it would accept and required its vendors such as the type of consumer they wanted, including ELink, to adhere to those criteria.

**ANSWER:**   **Defendants deny the allegations contained in this paragraph.**

73.   ReadersMagnet authorized ELink to say that they were calling from ReadersMagnet on the calls.

**ANSWER:**   **Defendants deny the allegations contained in this paragraph.**

74.   ReadersMagnet accepted the Plaintiff's lead and received a benefit from it in the form of advertising it's services.

**ANSWER:**   **Defendants deny the allegations contained in this paragraph.**

## CLASS ACTION ALLEGATIONS

75.   Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

**ANSWER:**    **Defendants incorporate by reference all of their responses to all other paragraphs of Plaintiff's Complaint as if fully stated herein.**

76.    Plaintiff brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

**ANSWER:**    **Defendants admit that Plaintiff purports to bring this action on behalf of herself and on behalf of a putative class as described in this paragraph.**

77.    Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **E-Link National Do Not Call Registry Class:** All persons within the United States: (1) whose telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from eLink or a third party acting on eLink's behalf; (3) within a 12-month period; (4) who had previously asked for the calls to stop; and (5) within the four years prior to the filing of the Complaint.

> > **E-Link ReadersMagnet National Do Not Call Registry Sub-Class:** All persons within the United States: (1) whose telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from eLink or a third party acting on eLink's behalf; (3) advertising ReadersMagnet's services; (4) within a 12-month period; (5) who had previously asked for the calls to stop; and (6) within the four years prior to the filing of the Complaint.

> **E-Link Internal Do Not Call Class:** All persons within the United States to whom: (1) eLink (or a third-party acting on behalf of eLink) sent (2) two or more telemarketing calls in a 12-month period, (3) who were not current customers of the eLink at the time of the calls, (4) who had previously asked for the calls to stop and (5) within the four years prior to the filing of the Complaint.

> > **E-Link ReadersMagnet Internal Do Not Call Sub-Class:** All persons within the United States to whom: (1)

eLink (or a third-party acting on behalf of eLink) sent (2) two or more telemarketing calls in a 12-month period, (3) who were not current customers at the time of the calls, (4) advertising ReadersMagnet's services; (5) who had previously asked for the calls to stop and (6) within the four years prior to the filing of the Complaint.

**ANSWER:    Defendant admits Plaintiff has proposed the Class definitions described above but denies said definitions are adequate and appropriate.**

78.    Plaintiff is a member of and will fairly and adequately represent and protect the interests of the classes.

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

79.    Excluded from the Classes are counsel, Defendants, and any entities in which Defendants have a controlling interest, the Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

80.    Plaintiff and all members of the Classes have been harmed by the acts of Defendants, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that cluttered legitimate communications.

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

81.    This Class Action Complaint seeks injunctive relief and money damages.

**ANSWER:    Defendants admit that Plaintiff's Complaint seeks injunctive relief and monetary damages but denies Plaintiff and the putative class are entitled to any relief.**

82.    The Classes, as defined above, are identifiable through Defendants' dialer records, other phone records, and phone number databases.

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

83.    Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds as the calls were placed in a generic fashion.

**ANSWER:    Defendants admit Plaintiff does not know the exact number of potential class members.    Defendant denies the remaining allegations contained in this paragraph.**

84.    The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

85.    Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

86.    There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

87.    There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

a.      Whether Defendants sent placed calls to Plaintiff and members of the National Do Not Call Registry Class;

b.      Whether Defendants recorded or honored "do not call" requests of Plaintiff and members of the Internal Do Not Call Class;

c.      Whether Defendant' conduct constitutes a violation of the TCPA; and

d.      Whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**

88.     Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes because Plaintiff has no interests which are antagonistic to any member of the Classes.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**

89.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

90.     Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendants and/or its agents.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

91.    The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

### FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Classes)**

92.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

**ANSWER:** **Defendants incorporate by reference all of its responses to all other paragraphs of Plaintiffs' complaint as if fully stated herein.**

93.    The foregoing acts and omissions of Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by placing solicitation calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

94.    Defendants' violations were negligent, willful, or knowing.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

95.    As a result of Defendants' and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 in

23

damages for each and every call placed and up to $1,500 in damages if the calls are found to be willful.

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

96.    Plaintiff and the members of the National Do Not Call Registry Classes are also entitled to and do seek injunctive relief prohibiting Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf from sending telemarketing calls, including text messages, to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

<u>**SECOND CAUSE OF ACTION**</u>

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d) on behalf of Plaintiff and the**
**Internal Do Not Call Registry Classes)**

97.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

**ANSWER:    Defendant incorporates by reference all of its responses to all other paragraphs of Plaintiff's complaint as if fully stated herein.**

98.    The foregoing acts and omissions of Defendants and/or its affiliates, agents, and/ or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by placing telemarketing calls, except for emergency purposes, to Plaintiffs and members of the Internal Do Not Call Class despite previously requesting that such calls stop.

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

99.     Defendants' violations were negligent, willful, or knowing.

**ANSWER:**     **Defendants deny the allegations contained in this paragraph.**

100.     As a result of Defendants' and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiffs and members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every calls placed and up to $1,500 in damages if the calls are found to be willful.

**ANSWER:**     **Defendants deny the allegations contained in this paragraph.**

### AFFIRMATIVE DEFENSES

1.     Plaintiffs have failed to state a claim for which relief can be granted.

2.     Plaintiffs' claims are barred by the doctrine of estoppel.

3.     Plaintiffs' claims are waived by the doctrine of waiver.

4.     Plaintiffs' claims are barred by the doctrine of laches.

5.     Plaintiffs' claims are barred by the doctrine of unclean hands.

6.     Plaintiffs' claims are barred, in whole or in part, by her failure to join an indispensable party.

7.     The Complaint fails to allege that the Plaintiffs or a member of the class suffered an actual injury and/or damages.

8.     Plaintiffs and members of the class have not suffered an injury-in-fact sufficient to satisfy Article III standing requirements.

9.     The claims of the Plaintiff sand any potential class are barred for failure to mitigate damages.

10.     Plaintiffs' claims and members of the potential class are barred because they gave prior express consent to receive telephone calls and therefore did not violate any provisions of the TCPA.

11.     At all relevant times, Defendants acted in good faith and any violations of the TCPA were unintentional and the result of a bonafide error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error.

12.     Any violations of the TCPA were not committed knowingly or willfully.

13.     Any purported violations were committed by other parties for which Defendants are not responsible.

14.     Plaintiffs' claims are barred by the statute of limitations.

15.     The alleged claims are barred because the Defendants had an existing business relationship with the Plaintiffs and members of the class.

16.     Defendants reserve the right to raise additional defenses as discovery progresses.

WHEREFORE, Defendants ReadersMagnet, LLC and eLink Systems and Concepts, Corp., respectfully requests the Court to enter judgment in their favor and against Plaintiffs Edwina Billhimer and Daniel Cennamo, on behalf of themselves and others similarly situated, on their Complaint; to award them all attorneys' fees and costs in defending this action; and to grant such other relief that this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Defendants hereby demand a trial by jury.

Respectfully submitted,


READERSMAGNET, LLC and ELINK SYSTEMS AND CONCEPTS CORP.

By: */s/ Thomas J. Hayes*
Thomas J. Hayes
Hayes Law Offices, LLC
309 50th Pl.
Western Springs, IL 60558
708-642-7719
thomasjhayes19@gmail.com
ARDC No. 6280179