# — EXHIBIT 5 —

EXHIBIT
2
exhibitsticker.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| EDWINA BILLHIMER, on behalf of herself and others similarly situated, | : | CIVIL ACTION FILE NO. 3:24-cv-00209-MPB-CSW |
| Plaintiff, | : | |
| v. | : | **COMPLAINT – CLASS ACTION** |
| READERSMAGNET, LLC | : | |
| Defendant. | : | **JURY TRIAL DEMANDED** |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS

Defendant, ReadersMagnet, LLC, ("Defendant") hereby provides its Answers to Interrogatories and Responses to Plaintiff's Document Requests. Defendant reserves the right to amend or supplement these responses pursuant to the Federal Rules of Civil Procedure.

## ANSWERS TO INTERROGATORIES

1. Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

**ANSWER:** Leah Malinao and John Carl Abines.

2. Identify all employees or vendors involved in making outbound calls as part of the campaign that contacted the Plaintiff. This includes, but is not limited to, (a) third parties that you contract with who make telemarketing calls to generate leads (b) the dialing system platform or provider used to make calls (c) where the phone numbers to make the calls is obtained.

**ANSWER:** The following individuals initiated telephone calls to Plaintiff: Fau Aligno, Jhason Saraum, Colleen Stacy, Ana Villasin, and Amy Wrigley. The above individuals were employees of eLink Systems and Concepts Corp. ("eLink") at the time the calls were initiated.

Defendant believes eLink used a dialing platform called ZOIPER. Most of the telephone numbers were obtained from lead generator Owl Scope.

3. Identify and describe the work of each employee or vendor identified in response to Interrogatory No. 2.

**ANSWER**: The above individuals were employees of eLink at the time the calls were initiated. These individuals were publishing consultants who were responsible for making telephone calls to the various authors to, in part, promote the services offered by ReadersMagnet.

4. Identify all third parties or sub-vendors used by your vendors to for you as part of your relationship with any vendor identified in response to Interrogatory No. 2.

**ANSWER:** eLink.

5. Identify all employees or vendors involved in making outbound calls promoting your services. This includes, but is not limited to, (a) third parties that you contract with who make telemarketing calls to generate leads (b) the dialing system platform or provider used to make calls (c) where the phone numbers to make the calls is obtained.

**ANSWER:** See Answer to Interrogatory No. 2. Investigation continues.

6. Identify and describe the work of each employee or vendor identified in response to Interrogatory No. 5.

**ANSWER**: See Answer to Interrogatory No.'s 2 and 3.

7. Identify all third parties or sub-vendors used by your vendors to for you as part of your relationship with any vendor identified in response to Interrogatory No. 5.

**ANSWER:** See Answer to Interrogatory No. 2 and 3. eLink was hired to perform telemarketing services for ReadersMagnet.

8. Identify each of the individuals that spoke with Plaintiff from your company or any of its vendors.

**ANSWER**: See Answer to Interrogatory No. 2.

9. If you contend that Plaintiff provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained.

**ANSWER:** Plaintiff has neither suffered any harm nor damages as a result of the telephone calls she received. Moreover, Plaintiff consented to receiving telephone calls and promotional materials from ReadersMagent. Specifically, on or about October 23, 2024, Amy Wrigley of eLink contacted Plaintiff and asked if Plaintiff wanted to receive information regarding ReadersMagnet. In response, Plaintiff indicated that she was interested but could not speak at the moment. Plaintiff requested that Amy Wrigley call her the next day, which she did. During this conversation, Plaintiff advised Ms. Wrigley she would like additional information regarding ReadersMagnet and asked Amy to send her an email. Plaintiff also provided her email address. On October 24, 2024, in response to Plaintiff's request, eLink sent Plaintiff an email which contained promotional materials for ReadersMagnet. Defendant believes Plaintiff is in possession of this email. Soon thereafter, Plaintiff, for the first time, requested that her number be put on Defendant's internal do-not-call list.

10. If you contend that a third party made the calls alleged in the complaint, identify that third party and state all facts in support of the same.

**ANSWER:** See Answer to Interrogatory No's 7 and 9.

11. Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

**ANSWER:** Defendant had some verbal communications with eLink regarding the lawsuit. Defendant will identify these communications at a later date as Defendant is still gathering information responsive to this request.

12. Identify by make, model, structure and location the system(s), platform(s), and/or equipment used by you, or any vendor, used to contact the Plaintiff.

**ANSWER:** Unknown at this time as to make and model of dialing system used by eLink. The dialing platform was ZOIPER. It is believed the call centers for eLink are located in the Philippines.

13. State all facts in support of any affirmative defenses you have raised.

**ANSWER**: See Answer to Interrogatory No. 9.

14. Identify any person (whether employed by you or not) whom you have disciplined, reprimanded, or taken similar action against for allowing or making allegedly unlawful or unauthorized outbound calls. In your answer, please identify all persons involved in any investigation, describe the reasons for your disciplinary action or reprimand, and describe the action taken against the person.

**ANSWER**: No one was reprimanded or terminated. This was in part because Mr. Aligno, who was the Publishing Consultant who initiated contact with Plaintiff, resigned from eLink immediately after Plaintiff sent a complaint to Defendant via letter.

## RESPONSES TO DOCUMENT REQUESTS

1. Please produce all non-attorney-client-privileged documents identified in or used to research or draft responses to interrogatories in this case.

**RESPONSE:** Defendant will produce documents responsive to this Request.

2. Please produce all documents supporting or contradicting any affirmative defense made in any answer by you to any complaint in this case.

**RESPONSE:** Defendant will produce Documents Responsive to this Request.

3. Please produce all documents related to Plaintiff, including, but not limited to, all documents evidencing your relationship with Plaintiff or your investigation into outbound calls made to Plaintiff.

**RESPONSE:** Defendant will produce documents responsive to this Request.

4. Please produce all documents relating to any failure by a vendor of yours to abide by your policies or any agreement you had relating to the sending of outbound calls.

**RESPONSE:** Defendant will produce documents responsive to this Request.

5. Please produce all complaints concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls. This request, but is not limited to, any written complaints (litigation or pre-litigation) received by you, any response sent, and any internal correspondence about the same.

**RESPONSE:** Defendant will produce documents responsive to this Request.

6. All contracts or documents representing agreements with any vendor that provided you with the Plaintiff's telephone number or information.

**RESPONSE:** Defendant will produce documents responsive to this Request.

7. All communications with any vendor that provided you with the Plaintiff's telephone number or information.

**RESPONSE:** Defendant will produce documents responsive to his Request.

8. All internal communications at your company regarding any vendor that provided you with the Plaintiff's telephone number or information.

**RESPONSE:** Defendant will produce documents responsive to this Request.

9. All contracts or documents representing agreements with any third party that dialed the calls to the Plaintiff.

**RESPONSE:** Defendant will produce documents responsive to this Request.

10. All communications with any third party that dialed the calls to the Plaintiff.

**RESPONSE:** Defendant will produce documents responsive to his Request.

11. All internal communications at your company regarding any third party that dialed the calls to the Plaintiff.

**RESPONSE:** Defendant will produce all non-privileged communications responsive to this Request.

12. All communications with any third party that provided you the Plaintiff's telephone number.

**RESPONSE:** Defendant will produce all documents responsive to his Request.

13. All internal communications at your company regarding any third party that provided you the Plaintiff's telephone number.

**RESPONSE:** Defendant will produce all documents responsive to this Request.

14. Please produce all documents relating to insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

**RESPONSE:** Defendant will produce all documents responsive to this Request.

15. Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

**RESPONSE:** Defendant does not possess any documents responsive to this Request.

16. Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:

a) compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;
b) obtaining or verifying prior express consent;
c) complying with E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*

**RESPONSE:** Defendant will produce documents responsive to this Request.

17. Please produce all documents containing any of the following information for each outbound pre-recorded call sent by you or your vendor, including those made to the Plaintiff:

a) the date and time;
b) the caller ID;
c) any recorded message used;
d) the result;
e) identifying information for the recipient; and

f) any other information stored by the call detail records.

**RESPONSE:** Defendant did not send Plaintiff any pre-recorded phone calls and therefore does not have documents responsive to this Request.

18. All communications with any third party concerning this litigation other than your attorney.

**RESPONSE:** Defendant will produce all documents responsive to this Request

Respectfully submitted,

/s/ Thomas J. Hayes_________
Thomas J. Hayes

Thomas J. Hayes
Hayes Law, LLC
309 50th Pl.
Western Springs, IL 60558
(708)642-7719

CERTIFICATE OF SERVICE

The undersigned, Thomas J. Hayes, does solemnly swear under penalty of perjury that on July 3, 2025, he caused the aforementioned document Defendant's Responses to Plaintiff's Discovery Requests to be served on Plaintiff's Counsel via email.

/s/ Thomas J. Hayes__________